**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LAYSAR, INC., | Civil No. 04-4584 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendants. | |

Jerrie M. Hayes and Thomas H. Goodman, **SIEGEL BRILL GREUPNER DUFFY & FOSTER**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401, for plaintiff.

Leatha G. Wolter, Tamara L. Rollins, and Thomas E. Propson, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4200, Minneapolis, MN 55402, for defendants.

Plaintiff Laysar, Inc. is a Minnesota company that repairs and replaces automobile glass. Laysar brought claims of consumer fraud, deceptive trade practices, and false advertising alleging that defendant State Farm[1] systematically refused to pay in full hundreds of Laysar's invoices for automobile glass repairs and replacements despite selling automobile insurance policies that provide full coverage for glass repairs. State

---

[1] Formally known as State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, the defendants are collectively referred to as "State Farm."

Farm moves for dismissal of all of Laysar's claims. For the reasons discussed below, the Court denies State Farm's motion.

**BACKGROUND**

Both parties agree that during the relevant time period (1999 to the present), State Farm included automobile glass repair and replacement in its automobile insurance policies to Minnesota customers. The policies provided that "[i]f the loss [to your car] is breakage of glass . . . [State Farm] will pay 100% of the loss." (Ex. 5B at 23.) There is also no dispute that the Minnesota Unfair Claims Practices Act ("UCPA"), administered by the Commissioner of Commerce, comprehensively regulates the manner in which insurance claims are administered in Minnesota – including State Farm's payment of automobile glass repair and replacement. During the time period at issue in this case, the UCPA underwent several changes effecting the payment of claims for automobile glass repair and replacement. Currently, the UCPA requires insurers to pay "the insured's chosen vendor a competitive price that is fair and reasonable within the local industry at large." Minn. Stat. § 72A.201, subd. 6(14).

Three months after this statutory language was adopted, the Minnesota Department of Commerce initiated a contested case proceeding against State Farm specifically addressing the way State Farm handles claims for auto glass repair and replacement. The dispute was settled by a mutual consent order on December 4, 2002, which set forth the method by which State Farm would process glass claims. The Consent Order provides that when State Farm receives an invoice for glass repair it can

pay the invoice in full; pay the vendor a minimum amount based on a percentage of a national index of windshield replacement costs, plus parts and labor; or pay the lower of three competitive bids.

Laysar filed this suit alleging that State Farm commits fraud when it sells its automobile insurance policies by knowingly selling insurance polices that claim to provide full glass coverage while deliberately and systematically dishonoring such coverage by short paying virtually every glass shop invoice.  Laysar alleges that State Farm has violated the Consumer Fraud Act,[2] the Minnesota Deceptive Trade Practices Act,[3] and the False Advertising Act,[4] and seeks damages, attorneys' fees, and injunctive relief.  State Farm moved to dismiss the claims arguing that this Court lacks jurisdiction, that the relief Laysar seeks improperly contradicts the Consent Order, and that Laysar failed to plead its fraud claims with particularity.  In addition, State Farm requests that this Court stay Laysar's actions in no-fault arbitration for breach of contract arising out of the same unpaid invoices.

## ANALYSIS

**I.      JURISDICTION**

Minnesota's No-Fault Act requires all glass claims under $10,000 to be submitted to binding arbitration.  Minn. Stat. § 65B.525, subd. 1; *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 800 (Minn. 2004) (holding that the No-Fault Act deprives

---

[2] Minn. Stat. §§ 325F.69, *et. seq.*
[3] *Id.* §§ 325D.44, *et. seq.*
[4] *Id.* §§ 325F.67, *et. seq.*

district courts of subject matter jurisdiction over claims for comprehensive benefits under $10,000). In addition, the UCPA does not include a private cause of action. *Morris v. Am. Family Mut. Ins. Co.*, 386 N.W.2d 233, 238 (Minn. 1986). As such, Laysar cannot sue State Farm for a violation of the UCPA and is required to bring any claims asserting that State Farm breached its contracts with its insureds when it failed to pay Laysar's invoices in full before an arbitration panel. In fact, Laysar is currently pursuing damages on State Farm's no-pays and short-pays of Laysar's invoices through no-fault arbitration.

State Farm asserts that these same statutes prevent this Court from exercising jurisdiction over Laysar's fraud claims. The Court disagrees. The UCPA does not govern, nor does the No-Fault Act prevent, Laysar's claims for consumer fraud, deceptive trade practices, and advertising fraud based on what Laysar calls "State Farm's systemic fraudulent business practices." (Pl.'s Mem. at 13.) The gravamen of Laysar's claims is that when State Farm sells its policies it misrepresents what they intend to actually cover. Laysar's fraud claims, therefore, cover every automobile policy sold by State Farm regardless of whether the insured ever filed a claim for glass coverage. Laysar's breach of contract claims, some of which have been brought in no-fault arbitration, however, include only State Farm customers that had their auto glass repaired or replaced and the gravamen of those claims is merely whether State Farm was required to pay the repair invoices in full. Therefore, the Court finds that, although the No-Fault Act and the UCPA apply to Laysar's narrow breach of contract claims, they do not deprive this Court of jurisdiction over Laysar's broader fraud claims.

## II.  CONSENT ORDER

Laysar brings claims under the Minnesota Consumer Fraud Act and the False Advertising Act, neither of which provide a private right of action. In limited circumstances, however, an individual can bring a suit under these Acts through the Private Attorney General Statute. Minn. Stat. § 8.31, subd 3(a). An individual is allowed to bring a suit "in lieu of the Attorney General" when the "cause of action benefits the public." *Ly v. Nystrom*, 615 N.W.2d 302, 311, 314 (Minn. 2000). State Farm argues that Laysar's request for an injunction will actually enjoin State Farm from complying with the Consent Order entered by the Commissioner of Commerce on behalf of the State of Minnesota and will, thereby, undermine the public interest. Laysar, however, alleges that State Farm is not acting in compliance with the Consent Order and that an injunction will provide a public benefit by enforcing the Consent Order.

Whether State Farm is abiding by the Consent Order is a factual issue, which, on a motion to dismiss, must be construed in Laysar's favor. Certainly, if State Farm is not abiding by the Consent Order, it cannot use it as a shield against attempts to enforce it and any attempt to ensure that State Farm abides by the Consent Order would provide a public benefit. As such, the Court denies State Farm's motion to dismiss with respect to the Private Attorney General Statute.[5]

---

[5] State Farm also argues that it signed the Consent Order and paid a civil fine to "eliminate any potential for future enforcement activity." (Ex. 7, at ¶ 3.) According to State Farm, this language prevents the Attorney General from bringing this case, therefore, under the Private Attorney General Statute, Laysar is also prevented from bringing this suit. The Court finds that the language of the Consent Order neither applies to claims for fraud, nor would it prevent the Attorney General from bringing a suit seeking to enforce the Consent Order.

Laysar also brings a claim under the Deceptive Trade Practices Act, which does not permit a private cause of action for damages and prohibits claims for injunctive relief arising out of "conduct in compliance with the orders" of a state agency. Minn. Stat. § 325D.46, subd. 1(1). State Farm again argues that Laysar's claims cannot stand because they are at odds with the Consent Order. As previously discussed, the Court finds that Laysar's claims are not in contravention of the Consent Order and, therefore, denies State Farm's motion to dismiss with respect to the Deceptive Trade Practices Act.

### III.  PARTICULARITY

State Farm argues that Laysar failed to plead its fraud claims with particularity as required by Federal Rule of Civil Procedure 9(b) by not setting forth the who, what, when, where, and how of State Farm's alleged fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997). The Court disagrees. Laysar's complaint clearly alleges that (1) State Farm, (2) committed fraud; (3) between 1999 and the present, or more specifically in relation to the dates of the unpaid invoices; (4) in Minnesota; (5) by representing to its customers that it would cover 100% of its glass repairs and then systematically refusing to do so. Laysar has pleaded sufficient information for State Farm to defend itself against Laysar's claims. *Id.* at 549.

### IV.  STAY OF PROCEEDINGS

State Farm also moves for this Court to stay Laysar's no-fault arbitration proceedings until this Court rules on this motion to dismiss, arguing that if the arbitrators' rule against Laysar on its breach of contract claims than all the issues before this Court

will be moot. The Court has already held that Laysar's recovery on its fraud claims does not depend on its breach of contract claims. Accordingly, it is possible for Laysar to recover on its claims that State Farm commits fraud and employs deceptive practices when it advertises and sells its auto insurance without ever winning any of its breach of contract claims in arbitration. Therefore, the Court denies State Farm's request that the Court stay the arbitration proceedings.

## ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss [Doc. No. 8] is **DENIED**.

2. Defendants' Motion to Stay All Related Arbitrations [Doc. No. 13] is **DENIED**.

DATED: August 25, 2005             s/John R. Tunheim
at Minneapolis, Minnesota.         JOHN R. TUNHEIM
                                   United States District Judge